UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SKYLA D. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> REVENUE MANAGEMENT GROUP, INC. d/b/a KEYBRIDGE MEDICAL REVENUE CARE, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-02760 <br><br> DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW comes SKYLA D. JOHNSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of REVENUE MANAGEMENT GROUP, INC. d/b/a KEYBRIDGE MEDICAL REVENUE CARE ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is a 28 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency that focuses its third party collection services on medical debts. Defendant is a corporation organized under the laws of the state of Ohio with its principal place of business located at 2348 Baton Rouge Avenue, Lima, Ohio.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding medical debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, Defendant acquired collection rights to the subject debts sometime after Plaintiff defaulted on the subject debts.

10. On or about June 5, 2018, Defendant sent Plaintiff a dunning letter from Defendant attempting to collect the subject debt.

11. This dunning letter represents: that the "Creditor" of the subject debt is ProMedica Toledo Hospital ("ProMedica"), that Defendant's account number regarding the subject debt is 1817922, and that the balance of the subject debt is $1,000.00.

12. In response to the dunning letter, Plaintiff chose to exercise her rights under 15 U.S.C. § 1692g and send a request for verification of the subject debt to Defendant.

13. On or about July 6, 2018, Defendant responded to Plaintiff's verification request and confirmed the existence of a debt said to be owed by Plaintiff to ProMedica in the amount of $1,000.00.

14. Thereafter, on or about August 3, 2018, Defendant sent Plaintiff a subsequent collection letter.

15. This letter represents the subject debt has the same balance as stated in the previous dunning letter - $1,000.00.

16. However, this collection letter identifies the "Creditor" of the subject debt as "VARIOUS ACCOUNTS," and further provides that Defendant's account number regarding the subject debt is 1821519.

17. Defendant sent another collection letter to Plaintiff on or about August 24, 2018, which made the same representations as the August 3, 2018 letter regarding the balance, creditor, and account number associated with the subject debt.

18. Taking the several debt collection letters together, the similarity in balance amongst the letters suggest they are all referencing the same debt. However, the differences in the identified creditors and account numbers apparent between the dunning letter and subsequent collection letters suggest that the subsequent collection letters were in reference to different debt(s) than that which was addressed in the dunning letter.

19. Defendant's collection letters caused a significant amount of confusion to Plaintiff as she was confused as to the true extent of her potential liability to Defendant and/or the original creditors purportedly associated with the subject debt.

20. Frustrated and confused by the nature of Defendant's collection letters, Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §1692e, e(2)(A), and e(10) when it misleadingly and confusingly characterized the creditor and account number associated with the subject debt. Although the

several collection letters reference a $1,000.00 debt, the letters confusingly outline the creditor and account numbers associated with the debt. The initial dunning letter suggests ProMedica is the creditor of the subject debt, yet the subsequent collection letters identify the creditor as "VARIOUS ACCOUNTS." As such, Defendant's collection letters leave open the question of, *inter alia,* whether ProMedica is the creditor, whether there are multiple creditors, whether other accounts were lumped in to her account with ProMedica, and whether the debt collection letters are referencing the same debt or different debt(s). This ambiguity is further evident and is exacerbated by the existence of differing account numbers associated with the subject debt. "A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006). Defendant's collection letters to Plaintiff are susceptible to several different interpretations, at least one of which must be inaccurate, and are therefore deceptive and in violation of the FDCPA.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to send collection letters structured in a way so as to obfuscate the nature of the underlying creditor(s) and account number(s) associated with the subject debt.

WHEREFORE, Plaintiff, SKYLA D. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 29, 2018              Respectfully submitted,

s/ Nathan C. Volheim                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103    Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                          Counsel for Plaintiff
Admitted in the Northern District of Ohio   Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                       Lombard, Illinois 60148
(630) 568-3056 (phone)                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com              thatz@sulaimanlaw.com